UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | | |
|---|---|---|
| FENF, LLC, | ) | Civil Action No. 2:12-cv-14770-PJD |
| | ) | |
| Plaintiff, | ) | Honorable Patrick J. Duggan |
| | ) | |
| SMARTTHINGZ, INC., | ) | |
| | ) | **Jury Demand** |
| Defendant. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT
FOR
PATENT AND TRADEMARK INFRINGEMENT**

Now comes Plaintiff FenF, LLC, by and through its counsel, and for its First Amended Complaint against Smartthingz, Inc., states as follows:

1. Plaintiff FenF, LLC (FenF) is a Michigan limited liability company with its principal place of business in Dexter, State of Michigan.

2. Defendant Smartthingz, Inc., d/b/a "SmartThingZ" is a New York corporation with its principal place of business in New York, State of New York.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This is also an action for trademark infringement under §32(a) of the Lanham Act, 15 U.S.C. §1114 and unfair competition, false designation of origin, false representation, and false advertising in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, 35 U.S.C. §281, and 15 U.S.C. §1121.

4. This Court has personal jurisdiction over SmartThingZ. SmartThingZ transacts business in Michigan, including but not limited to the sale of the accused product; SmartThingZ has specifically directed its activities to Michigan; and acts of infringement and unfair competition have occurred in and beyond Michigan causing injury to FenF in Michigan.

5. The amount in controversy in this case exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## Common Allegations

7. FenF operates a successful product design, manufacturing, distributing and retail business that produces orthopedic health devices.

8. FenF has designed, manufactured and sold several different products over time to include a product called "YogaToes®."

9. Since its inception, FenF has continually analyzed the orthopedic needs of persons in order to create and sell innovative products.

10. FenF protects its investments in product research, development, and marketing with strong intellectual property safeguards like patents.

11. Accordingly, Plaintiff has obtained a United States Patent for a "Foot-Therapy and Toe-Aligning Device" on August 23, 2011, United States Patent No. 8, 002,675 ("the '675 Patent") duly and legally issued to Frederic Ferri, as inventor, for the aforementioned orthopedic device to stretch and exercise the toes and feet, and since that

- 3 -

date all rights to the '675 Patent, including but not limited to, the right to recover for infringement there under, has been assigned to FenF, LLC.  A copy of the '675 Patent as issued is attached hereto as Exhibit A.

12. All claims of the '675 patent are valid and enforceable.

13. At all relevant times subsequent to issuance of the '675 patent, Frederic Ferri and FenF, LLC, together, or individually, have practiced under the exclusive rights conferred by the '675 patent and/or the patent under which the '675 is a Continuation in Part of Patent No. 7,322,914, which is a division of, patent No. 7,131,939, all of which are property of the Plaintiff.

14. FenF is the owner of United States Trademark Registrations Nos. 3,430,215 and 3,253,636 for the marks YOGATOES  and YOGA TOES, respectively. (Exhibits B and C)

15. Plaintiff, by continuous and substantial advertising, use and promotion of the YOGATOES and YOGA TOES marks to date, has acquired value, name recognition and goodwill in the mark.

16. At all times relevant since at least June 9, 2011, Defendant has advertised, offered for sale, and sold a product called "Sm*a*rtTo*e*s" on its website at www.smartthingsz.com and www.amazon.com.

17. Promotional materials associated with Sm*a*rtTo*e*s include the website, www.smartthingsz, videos, demonstrations, and articles.  These materials have been available to individuals nationwide, including those located in this District, on the Internet.

18.     In addition to selling the SmartToes device on its own website, Amazon.com, Beautiful Planet, Inc., and several sellers on eBay sell the SmartToes device online.

19.     A true and accurate digital still image of the SmartToes device is attached hereto as Exhibit D.

## Count I
## (Patent Infringement)

20.     Paragraphs 1-19 above, inclusive, are incorporated herein by reference.

21.     SmartThingZ has directly infringed the '675 patent, and continue to so infringe, by making, offering to sell, selling, or using within the United States, articles covered by one or more of the claims of FenF's '675 patent.

22.     On information and belief, since at least August of 2011, SmartThingZ was either aware of the '675 patent or was willfully blind in order not to become aware of the '675 patent.

23.     Defendant has infringed and is infringing the '675 Patent, making Defendant liable for direct and/or indirect infringement under 35 U.S.C. §271, and 281-285.

24.     FenF has suffered immediate and irreparable harm by SmartThingZ's infringement conduct, and will continue to suffer said injury unless and until SmartThingZ is enjoined from the infringing conduct.

25.     SmartThingZ's infringement conduct will continue unless immediately enjoined by the Court.

## Count II
## (Federal Trademark Infringement Under Section 32(a)
## Of The Lanham Act, 15 U.S.C. §1114)

26.     Paragraphs 1-25 above, inclusive, are incorporated herein by reference.

27.     In addition to using the SmartToes name, Defendant, without authorization from Plaintiff, has been using the "Yoga Toes" and "YogaToes" marks in commerce, for marketing, promoting and selling its products as shown, for example, in Exhibits E and F.

28.     Defendant has used the "Yoga Toes" and "YogaToes" marks in interstate commerce without the consent of Plaintiff.

29.     Defendant's use of the "Yoga Toes" and "YogaToes" marks is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant's goods or as to Defendant's affiliation, connection, approval or association with Plaintiff.

30.     Defendant's actions constitute trademark infringement of Plaintiff's "YOGA TOES" and "YOGATOES" Registrations in violation of Section 32(a)of the Lanham Act, 15 U.S.C. §1114.

31.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damage to its business, reputation, goodwill, profits and the strength of its trademarks, and is causing harm to Plaintiff which there is no adequate remedy at law.

32.     Defendant was aware of Plaintiff and its "YOGA TOES" and "YOGATOES" marks, yet continued to use the "Yoga Toes" and YogaToes" marks in its advertising.  Defendant's infringement of Plaintiff's registered trademarks was and is willful and deliberate.

## Count III
### (Federal Unfair Competition, False Designation Of Origin, False Representation, And False Advertising Under Section 43(a) Of The Lanham Act, 15 U.S.C. §1125(a))

33. Plaintiff's 1-32 above, inclusive, are incorporated herein by reference.

34. Defendant has used the "Yoga Toes" and "YogaToes" marks in interstate commerce without the consent of Plaintiff.

35. Defendant's use of the "Yoga Toes" and "YogaToes" marks is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant's goods or as to Defendant's affiliation, connection, approval or association with Plaintiff.

36. Defendant's actions constitute unfair competition, false designation of origin, false representation, and false advertising in connection with products and services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

37. Defendant's unfair competition has caused and will continue to cause Plaintiff to suffer damage to its business, reputation, goodwill, profits, and strength of its trademarks, and is causing ongoing irreparable harm to Plaintiff for which there is no adequate remedy at law.

38. Defendant's actions constituting unfair competition, false designation of origin, false representation, and false advertising are willful and deliberate.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and order that:

A.   The '675 patent is valid and enforceable;

B.   Smartthingz, Inc. has directly infringed FenF's '675 patent;

C.   Smartthingz, Inc. has engaged in willful and deliberate infringement of the '675 patent;

D.   Smartthingz, Inc. and its officers, agents, servants, representatives, employees and all others in concert or participation with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '675 patent pursuant to 35 U.S.C. § 284;

E.   Smartthingz, Inc. be directed to fully compensate Plaintiff for all damages attributable to SmartThingZ's infringement of the '675 patent in an amount according to proof at trial;

F.   Said damages be trebled;

G.   This case be deemed exceptional;

H.   Plaintiff be awarded reasonable attorneys' fees;

I.   Plaintiff be awarded reasonable expenses in this action, including the costs, fees, and expenses in accordance with 35 U.S.C. § 285;

J.   Defendant has infringed Plaintiff's YOGA TOES and YOGATOES registered trademarks in violation of 15 U.S.C. § 1114;

K.    Defendant's use of YOGA TOES and YOGATOES " has violated 15 U.S.C. §1125;

L.    Defendant, its officers, agents, servants, representatives, employees, privies, successors, and assigns, and all claiming any rights through it, cease from manufacturing, marketing or selling products constituting trademark infringement or unfair competition against Plaintiff's rights;

M.    Defendant recall and surrender for destruction all products, advertisements, and other materials constituting trademark infringement or unfair competition against Plaintiff's rights;

N.    Plaintiff be awarded compensatory and exemplary damages for the Lanham Act Counts stated herein, including income and profits Plaintiff lost and may lose in the future as a result of Defendant's unlawful activities including trademark infringement and unfair competition; together with any costs;

O.    Plaintiff be awarded the profits of Defendant under 15 U.S.C. §1117 for Defendant's trademark infringement and unfair competition and other violations of the Lanham Act;

P.    Plaintiff be awarded any additional damages, including punitive damages, to which it is entitled for Defendant's trademark infringement and unfair competition;

Q.    This case be declared exceptional under 15 U.S.C. §117;

R.    Plaintiff be awarded costs and reasonable attorneys' fees under 15 U.S.C. §1117; and

    S.    Plaintiff be awarded such other and further relief as the circumstances of this case may require, and as the Court may deem just and proper.

Respectfully submitted,

Date: May 15, 2013

by /s/Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone:  248-689-3500
Facsimile:  248-689-4071
Email: hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC.*

## JURY DEMAND

Plaintiff FenF, LLC hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

Date: May 15, 2013

by /s/Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone:  248-689-3500
Facsimile:  248-689-4071
Email: hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC.*