UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FENF, LLC,

    Plaintiff,

                                              Case No. 12-cv-14770

v.                                            Honorable Patrick J. Duggan

SMARTTHINGZ, INC.,

    Defendant.

_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

On October 26, 2012, FenF, LLC ("FenF") filed this lawsuit against Smartthingz, Inc. ("Smartthingz") alleging patent and trademark infringement. Specifically, FenF contends that Smartthingz is infringing FenF's patent, U.S. Pat. No. 800,002,675 ("the '675 patent"), which describes a foot-therapy product sold under the marks YOGA TOES and YOGATOES. FenF also accuses Smartthingz of trademark infringement and unfair competition with respect to the marks in violation of the Lanham Act, 15 U.S.C. § 1114. Presently before the Court are FenF's motion for permanent injunction (ECF No. 32) and motion for summary judgment of trademark infringement and unfair competition (ECF No. 35), both filed December 16, 2013.

After receiving an extension of time to respond to FenF's motions, Smartthingz filed a notice of non-opposition to the motion for summary judgment on January 23, 2014. (ECF No. 40.) Smartthingz states in the notice that for purposes of this litigation, only, it "does not oppose FenF's motion or the Court's entry of judgment of liability only in favor of FenF on its claims of trademark infringement." (*Id*. at 1.) Notwithstanding this concession, Smartthingz argues that FenF is not entitled to any form of monetary relief on its claims. (*Id*.)

On January 23, 2014, Smartthingz also filed a response to FenF's motion for permanent injunction. (ECF No. 41.) Smartthingz opposes the motion, arguing that FenF fails to demonstrate its entitlement to injunctive relief. FenF filed a reply brief on February 7, 2014.

On March 5, 2014, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to FenF's motions pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    Motion for Summary Judgment**

FenF seeks summary judgment with respect to its claims alleging trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), respectively. A party proves infringement of a registered federal trademark under the Lanham Act by establishing that: (1) it owns the

2

registered trademark; (2) the alleged infringer used the mark in commerce without authorization; and (3) the use of the mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties. 15 U.S.C. § 1114(1); *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Resolution of an unfair competition claim also rests on the likelihood of confusion inquiry. *Gen. Motors Corp. v. Keystone Auto. Indus, Inc.*, 453 F.3d 351, 354 (6th Cir. 2006) (citations omitted).

The Sixth Circuit Court of Appeals employs an eight-factor test to determine the likelihood of confusion: (1) strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Id.* (citing *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 764 (6th Cir. 2005)). Consideration of these factors in the instant case suggests that Smartthingz's use of FenF's marks is likely to cause confusion among consumers regarding the origin of the parties' goods.

First, FenF is the owner of the federally registered trademarks YOGA TOES and YOGATOES. (ECF No. 37 Exs. A, B.) The YOGA TOES mark was registered on June 19, 2007; and the YOGATOES mark was registered on May 20,

3

2008.  (*Id*.)  FenF uses the marks in connection with its marketing and sale of a foot-therapy product.  (*See* ECF No. 36 ¶¶ 4-6.)

Smartthingz markets and sells a foot-therapy product that competes with the foot-therapy product that FenF sells under the YOGA TOES and YOGATOES marks.  (*Id*. ¶ 7; ECF No. 37 Ex. C at 28.)  The product sold by Smartthingz is constructed the same as, and functions similarly to, the product sold by FenF.  (*See* ECF No. 36.)  Smartthingz markets and sells its product to the same customers as FenF.  (ECF Nos 36 ¶ 4; ECF No. 37 Ex. D at 166.)  FenF and Smartthingz use the same on-line channels to sell their products.  (ECF No. 36 ¶ 5; 37 Ex. D at 53, 64-66.)  Smartthingz has used the YOGA TOES and YOGATOES marks in advertising its own product.  (ECF No. 37 Ex. F.)  The source code for Smartthingz's website also shows that FenF's registered marks were used in the metadata, including in the header information (which is displayed on the website) and the keywords (which is not displayed on the website but can be used by search engines to drive traffic to the website).  (*Id*. Ex. G.)  Smartthingz also purchased YOGATOES as a Google AdWord, meaning that Smartthingz's website would be listed and advertised before FenF's website when internet users searched for YOGATOES through Google's search engine.  (*Id*. Ex. C at 60.)

For these reasons, the Court concludes that FenF demonstrates its

entitlement to summary judgment with respect to its trademark infringement and unfair competition claims. As it does not oppose FenF's motion, Smartthingz has not presented evidence or argument to show otherwise.

## II. Motion for Permanent Injunction

FenF seeks a permanent injunction under the Patent Act, 35 U.S.C. § 283, enjoining Smartthingz from continuing to infringe the '675 patent. A plaintiff seeking a permanent injunction must satisfy a four-factor test before obtaining such relief. The plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, (2006) (citations omitted). The decision whether to grant injunctive relief falls within the district court's equitable discretion. *Id*.

Prior to the Supreme Court's decision in *eBay*, courts followed the "general rule" that a permanent injunction should issue "against patent infringement absent exceptional circumstances.'" *Id*. (quoting *MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323, 1339 (2005)). This was based on a presumption of irreparable harm

5

where the patent holder demonstrates patent infringement. *See id.* In *eBay*, however, the Supreme Court rejected this presumption and held that the court's discretion whether to issue an injunction in a patent case "must be exercised consistent with traditional principles of equity." *Id.* at 394, 126 S. Ct. at 1841.

A court may issue a permanent injunction, however, only once the requesting party has demonstrated its success on the merits. *See Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12, 107 S. Ct. 1396, 1404 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success."); *see also* 43A C.J.S. Injunction § 359 (2014) ("A permanent or perpetual injunction issues as a final judgment which settles the rights of the parties after the determination of all issues raised."). As the District Court for the Northern District of Illinois has succinctly stated: "[F]or a permanent injunction to issue from the court, [the plaintiff] must prevail on the merits of its claim and establish that equitable relief is appropriate." *Intervisual Commc'ns, Inc. v. Volkert*, 975 F. Supp. 1092, 1104 (1997) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07, 79 S. Ct. 948, 954-55 (1959)).

In Count I of its Amended Complaint, FenF alleges that Smartthingz has

6

directly infringed the '675 patent.  (ECF No. 22 ¶¶ 21-23.)  Smartthingz denies FenF's allegations in its Answer.[1]  (*See, e.g.*, ECF No. 26 ¶¶ 3-4 ("Smartthingz specifically denies that it has infringed any valid and enforceable patents, trademarks, or other rights of FenF[.]").)  FenF has not moved for summary judgment with respect to its patent infringement claim and there has not otherwise been a finding that Smartthingz infringed the '675 patent.  Only if FenF demonstrates success on the merits of this claim may this Court grant its request for a permanent injunction under the Patent Act, 35 U.S.C. § 283.

Accordingly,

**IT IS ORDERED**, that Plaintiff FenF, LLC's Motion for Summary Judgment of Trademark Infringement and Unfair Competition is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff FenF, LLC's Motion for Entitlement to Permanently Enjoin Defendant Smartthingz, Inc.'s Continued Infringement of U.S. Pat. No. 8,022,675 is **DENIED WITHOUT PREJUDICE**.

Dated: March 28, 2014                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

---

[1] Smartthingz does not raise FenF's failure to demonstrate success on its patent infringement claim in response to FenF's motion for permanent injunction, focusing instead on the equitable factors the court must balance to decide whether injunctive relief is appropriate.  Nevertheless, Smartthingz does not appear to have conceded that it infringed the '675 patent as it specifically uses the phrase "alleged infringement" throughout its response brief.  (*See* ECF No. 41.)

Copies to:
Guy T. Conti, Esq.
Michael J. Druzinski, Esq.
Richard W. Hoffman, Esq.
Joel L. Dion, Esq.
Todd A. Holleman, Esq.